**JUNK, Admr. v LOGAN, et**

Ohio Appeals, 2nd Dist, Fayette Co

No 247.   Decided Feb 5, 1941

448

Troy T. Junk, Washington C. H., for plaintiff-appellee.

Dan T. Miller and A. W. Heinrick, Cleveland, for appellant, Winifred Logan.

## OPINION

By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of the appeal on questions of law of Winifred Logan.

The action as filed in the Common Pleas Court was one for construction of the last will and testament of John Logan, deceased.

The testator died on the 10th day of August, 1932, leaving surviving, his widow, Lizzie Pearce Logan, and no children. His next of kin were three brothers and one sister. The last will and testament was in the words and figures following:

"I, John Logan, of Washington, C. H. Fayette County, Ohio, do make and declare this to be my last will and testament, hereby revoking any former will made by me.

1. I appoint my wife, if she survives me, executrix of my said will, and direct that no bond or security be exacted for the performance of duties required in the execution of the trusts herein defined.

2. I hereby give and bequeath to my said wife all income derived from my estate, and if said income prove inadequate to support her in comfort as she shall desire, she shall be permitted to use such part of the principal as she shall require, and her receipt shall be a sufficient voucher for payments made to her on such account.

3. On the decease of my wife, if she survives me, otherwise on my decease, the probate court shall appoint a competent administrator with the will annexed, who shall convert my property into money, without occasion to apply to any court for authority, and shall divide the proceeds into nine equal shares, and pay such shares to the following named, if they be living, namely: My sister, Anne E. Logan, my brother, Frank P. Logan, my nephew, Paul M. Logan, my niece, Helen Logan Jones, my nephew, Bruce Logan, and also Charles P. Ballard, Constance Ballard, Logan R. Herbert, and my cousin Minnie S. Williams. Should any of said legatees die prior to distribution as so provided, the share of such one or more so dying shall be and become part of the principal for division, and the principal be equally paid and distributed among the survivor of those named, except that in case of the prior death of Paul Logan, Helen Jones, Charles P. Ballard or Logan Herbert, leaving issue, the share of either so dying shall pass to and vest in such issue.

4. I hereby authorize my executrix or administratrix with the will annexed to pay just debts, and at the discretion of either at the time to convert securities I may own and reinvest the proceeds.

5. In witness whereof I have signed my name this 12th day of July, 1930.

John Logan."

The widow, Lizzie Pearce Logan, qualified as executrix of said decedent's estate on the ____ day of September, 1932, and continued to act in such capacity until the time of her death on September 12, 1939.

Frank P. Logan, one of the legatees named in the will, died on or about the 23rd of July, 1939, leaving the appellant, Winifred Logan, his surviving spouse and only next of kin.

Troy T. Junk, the present administrator de bonis non, etc., qualified as such on the 4th day of October, 1939, and is still so acting. The appraised value of the assets now in the hands of such administrator amount to $46,973.06.

The said estate is in process of settlement. Due to the fact that the appellant, Winifred Logan, claims an interest as surviving spouse and sole heir of Frank P. Logan, deceased, the present administrator found it necessary to bring the present action.

The appellant, Winifred Logan, filed an answer and cross-petition.

The cause was submitted upon the pleadings and an agreed statement of facts. The trial court held that the defendant cross-petitioner, Winifred Logan, had no interest in the estate. Counsel for appellant urge that John P. Logan died intestate and that by reason thereof, his estate, subject to the use provided for the widow, passed by inheritance to his three brothers and one sister and that this inheritance was not affected by the provisions of Section 3 of the will of John Logan.

We understand counsel's theory of the law. It is predicated upon the claim that under Section 2 of the will no estate was granted to the wife, and since the title could not exist in a suspended form, the intestacy necessarily followed and the three brothers and one sister, taking the property through an inheritance, could not have 'the same divested through the subsequent provisions of the will.

We have carefully examined the brief of counsel for appellant, together with authorities cited, but are unable to follow his reasoning. As we view it, the provisions of the will are very clear and the intention of the testator manifest.

One of the cardinal principles in constructions of wills is to ascertain and give effect to the express desires of the testator. When this intent is ascertained the failure of a testator to use legal terms will not defeat the testamentary intent.

When necessary, in order to carry out the express intent, the appropriate legal terms may be supplied.

There can be no question but that the decedent, John Logan, intended that his surviving widow should have the income from his entire estate, and in the event that the income should prove inadequate to support her in comfort according to her desires, she would have the unqualified permission to use such part of the principal as was necessary.

The fact that John Logan did not designate this provision under Item 2 as a life estate, or provide that the estate should constitute a trust for the purpose of carrying out its provisions, cannot affect the intent and purposes.

Under Item 1, the wife was named as executor with the direction that no bond be required "for the performance of duties required in the execution of the trust herein defined".

In law, Mrs. Logan, when she qualified as executor under the will, thereafter held the corpus of the property in trust and during her lifetime or so long as she remained executrix was bound to preserve such property for the use of the named legatees following her death, subject, of course, to her right to have the income from the corpus of the estate plus whatever might be needed out of the principal to adequately support her in comfort.

Paragraph 3 provides very explicitly what shall be done following her death. This provision has been or is being carried out.

The administrator with the will annexed has been appointed and qualified. This section authorizes such administrator to convert the property into money without being required to resort to any court order for authority so to do. The argument made by counsel for appellant that powers granted under a will are personal is a correct statement of the law, but qualified to the extent that the recipient of the power need not be named.

When the testator said that the administrator de bonis non should have the power, this constituted a complete compliance with the recognized rule.

From the petition and agreed statement of facts it is ascertainable that the administrator de bonis non is proceeding to convert the property into money with the purpose of having the same available for distribution according to Item 3 of the will.

Under the agreed statement of facts it further appearing that Frank P. Logan died prior to the date of the death of the widow of John P. Logan, it necessarily follows that the one-ninth share mentioned in Item 3 can not be distributed to him, and since the time of distribution is fixed through an event following the death of Frank P. Logan, his heirs have no representative interest.

This section specifically provides should any of said legatees die prior to said distribution as so provided, the share of such one or more so dying shall be and become a part of the principal for division, and the principal will be equally paid and distributed among the survivor of those named.

This very clear provision makes it directory that the fund ▮▮▮▮▮▮▮ be divided into eight parts and distributed among the remaining named degatees. The appellant, Winifred Logan, has no interest in the estate.

We have been favored with the written opinion of the trial court. This opinion presents a splendid analysis of all the issuable facts and we adopt it in its entirety.

Judgment of the trial court will be affirmed and costs adjudged against the appellant. Cause remanded.

HORNBECK, PJ. & GEIGER, J., concur.